IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| MICHELLE H., by her next friend Tamara Coppinger, AVA R., by her next friend Tamara Coppinger, ZAHARA L., by her next friend Deborah Wilson, SAMMY V., by his next friend Aleksandra Chauhan, ANDREW R., by his next friend Cheryl Kreider, MARCUS, ANNIE, CAMERON, SARA and ROGER B., by their next friend Margaret Wilson, and KYLE S., by his next friend Tamara Coppinger, Individually and on behalf of all other similarly situated children, <br><br> Plaintiffs, <br><br> vs. <br><br> NIKKI HALEY, in her official capacity as Governor of the State of South Carolina, and SUSAN ALFORD, in her official capacity as Acting State Director of the South Carolina Department of Social Services, <br><br> Defendants. | Civil Action No. 2:15-cv-00134-RMG <br><br><br> **DEFENDANT NIKKI HALEY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the defendant, Nikki Haley, in her official capacity as Governor of the State of South Carolina, hereby submits the following Memorandum and authorities in support of her Motion to Dismiss. Governor Haley has moved to dismiss this action against her on the ground that she is immune from suit under the Eleventh Amendment of the United States Constitution.

1

In this action, Plaintiff seeks only injunctive relief against the Governor. The relief sought by Plaintiff pertains to the nature of services provided to minor children who are wards of the State of South Carolina.

## ARGUMENT

### 1. The applicable statutes do not provide for the Governor of South Carolina to have supervisory responsibilities over the matters alleged in the Amended Complaint.

The Complaint alleges that Defendant Haley is sued solely in her official capacity and seeks injunctive relief in alleging that the Governor "is responsible for ensuring that all South Carolina executive departments and agencies, including DSS, comply with all applicable laws." Complaint at 29, ¶ 121. Plaintiffs further allege in that paragraph that Governor Haley is "the supreme executive authority" over DSS and "is ultimately responsible for appointing, and has the power to remove, the Director of DSS." *Id.*

State officials may be sued for injunctive relief in federal court only if the official has "some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. 123, 157 (1908). *Ex Parte Young* itself represents an exception to, or modification of, the principle that the Eleventh Amendment prohibits states from being sued in federal court. As the Fourth Circuit has stated,

> The theory of *Ex parte Young* is that because an unconstitutional statute is void, it cannot cloak an official in the state's sovereign immunity. Although the reasoning of *Ex parte Young* has never been extended to claims for retrospective relief, federal courts may grant prospective injunctive relief against state officials to prevent ongoing violations of federal law.

*CSX Transp. Inc. v. Board of Public Works*, 138 F.3d 537, 540 (4th Cir.1998). Again, however, not just any state official can be enjoined under this principle. There must be a nexus between the authority of the defendant state official and the claims of the plaintiff. If there is no such connection between the defendant official and the allegedly wrongful act, the suit "merely mak[es] him a party

2

as a representative of the state, and thereby attempt[s] to make the state a party," contrary to the Eleventh Amendment. *Ex Parte Young*, 209 U.S. at 157.

*Ex parte Young* requires a "special relation" between the state official sued and the challenged statute, and "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001)(quoting *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996)). Stated differently, there needs to be a nexus between the Governor and the enforcement of the challenged statute. Here there is none.

The Governor's authority over DSS and other cabinet agencies is limited to the power to appoint and remove the agency director. S.C. Code Ann. § 43-1-10. The Director of DSS, and not the Governor, is the officer who is "vested with the duty and authority to oversee, manage, and control the operation, administration, and organization of [DSS]. . . ." S.C. Code Ann. § 43-1-50. The Director of DSS is also responsible for "appoint[ing] and employ[ing] such other officers and employees as are authorized and may be necessary to perform the duties placed upon the department by law. . . ." §43-1-70. DSS, and not the Office of the Governor, is the agency with the authority to "supervise and administer the public welfare activities and functions of the State as provided in Chapters 1, 3, 5, 7, 9, 19, and 23 and child protective services as referred to in Title 63, Chapter 7. . . ." § 43-1-80.[1]

The showing which Plaintiffs need to make is therefore impossible in this case. The governing statutes simply do not provide the Governor with legal authority, even in a supervisory capacity, to take the actions that Plaintiffs request the Court to order. With specific reference to the Governor of South Carolina and a cabinet agency, such as DSS, there are several district court

---

[1] Defendant Haley does not in any way suggest that a court-ordered remedy is necessary or appropriate against DSS or any of its officials.

3

cases dismissing the Governor because of the absence of the requisite "special relation" necessary to overcome the bar of the Eleventh Amendment. *See, e.g., Peter B. v. Sanford*, 2010 WL 5684397, 3 (D.S.C. 2010)(Report and Recommendation, adopted, 2011 WL 347019 (D.S.C. 2011), and cases cited therein (holding that the Governor's appointment powers and general law enforcement powers are "precisely the types of oversight and general enforcement duties which do not qualify as creating any special relation" between the Governor and the challenged actions); *Peter B. v. Sanford*, 2012 WL 2149784, 4 (D.S.C. 2012)(same); *Kobe v. Haley,* 2012 WL 3269221, 3-4 (D.S.C. 2012)(same). The same result has also been reached elsewhere. *See, e.g., D.G. ex rel. Stricklin v. Henry*, 591 F.Supp.2d 1186, 1189 (N.D.Okla. 2008)(although Governor possessed power to appoint agency head and general executive power, Governor was "in no sense responsible for actually administering the foster care system"); *Young v. Hawaii*, 548 F.Supp.2d 1151, 1164 (D. Haw. 2008) (allegations of "general oversight of State laws held insufficient to establish the required nexus between . . . the Governor" and the enforcement of the challenged statute); *Harris v. Bush*, 106 F.Supp.2d 1272 (N.D. Fla. 2000) (governor's general constitutional authority to enforce the laws is insufficient to make him a proper party to a lawsuit challenging constitutionality of a law).

Statutory provisions such as S.C. Code Ann. § 43-1-80 specifically provide that "[t]he State Department [DSS] shall supervise and administer the public welfare activities and functions of the State. . . ." In other words, the day-to-day functioning of DSS has been committed to the agency, not to the Governor. Under similar circumstances, it was held in *Kobe v. Haley*, *supra,* that "as a practical matter, to impose a prospective injunction on Governor Haley . . . would have no effect." 2012 WL 3269221 at 5. There is no significant difference in this respect between the statutes

governing DHHS, which were under review in *Peter B.* and *Kobe*, and the statutes governing DSS, cited above. As a result, Governor Haley should be dismissed from this action as a matter of law.

## CONCLUSION

For the foregoing reasons, Governor Haley should be dismissed as a Defendant in this action.

Respectfully submitted,

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.
Federal Bar No. 7716
PO Box 50549
Columbia, South Carolina 29250
Tel: (803) 753-1099
Fax: (803) 250-3985
E-mail: butch@butchbowers.com

Attorney for Defendant Nikki Haley in her official capacity as Governor of the State of South Carolina

Columbia, South Carolina

March 16, 2015