IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **MICHELLE H.**, by her next friend Tamara Coppinger, **AVA R.**, by her next friend Tamara Coppinger, **ZAHARA L.**, by her next friend Deborah Wilson, **SAMMY V.**, by his next friend Aleksandra Chauhan, **ANDREW R.**, by his next friend Cheryl Kreider, **MARCUS, ANNIE, CAMERON, SARA, and ROGER B.**, by their next friend Margaret Wilson, and **KYLE S.**, by his next friend Tamara Coppinger, **Individually, and on behalf of all other similarly situated children.**  **Plaintiffs,**  v.  **NIKKI HALEY**, in her official capacity as Governor of the State of South Carolina, and  **SUSAN ALFORD**, in her official capacity as Acting State Director of the South Carolina Department of Social Services.  **Defendants.** | **C/A No.** 2:15-cv-00134-RMG |

## FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came before the Court on the Parties' Joint Motion for Final Approval of Class Action Settlement Agreement ("Joint Motion"), requesting this Court's final approval of a settlement agreement in this action on the grounds that the settlement is fair, reasonable and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. [Dkt. No. 45]. For the reasons below, the Joint Motion is granted.

1

The Plaintiff class ("Plaintiffs"), and Defendants, who include the Honorable Nikki Haley, in her official capacity as Governor of the State of South Carolina (the "Governor"), and Susan Alford, in her official capacity as Director of the South Carolina Department of Social Services ("DSS", the Governor and DSS are collectively referred to as "Defendants"), entered into a Class Action Settlement Agreement (the "Settlement" or "Agreement") to fully and final resolve Plaintiffs' claims against the Defendants.

By Order dated June 28, 2016 [Dkt. No. 35], this Court preliminarily approved the Parties' Settlement Agreement. A copy of the Agreement was attached as Exhibit A to the Joint Motion and Memorandum for Preliminary Approval of Class Action Settlement Agreement. [Dkt. No. 32-1] The Court also approved the procedures for Notice to the Class and interested parties and set the time for a hearing to hear any objections and to consider the Joint Motion for Final Approval. [Dkt. No. 35]

Under the procedures for Notice approved by the Court, Notice to the Class was accomplished by the mailing of 8,501 individual pieces of mail by DSS to biological parents, foster parents, DSS offices, group homes and facilities, contractor agencies, public defenders, offices of Guardians *ad litem*, elementary, middle and high schools, DSS employees, Family Court judges and clerks, and Class members age 14 and older. In addition, DSS emailed 1,614 DSS employees according to the affidavit of compliance filed by DSS. [Dkt. Nos. 37, 41] The entire Agreement in English and Spanish was posted to the DSS website and also posted to South Carolina Appleseed's website. Compliance with the procedures for Notice was certified by affidavit. [Dkt. Nos. 37, 41]

In the Notice to the Settlement Class Members, the Court set a hearing on the fairness, reasonableness and adequacy of the Settlement Agreement for October 4. In advance of the October 4, 2016 fairness hearing, the Court considered the Parties' briefing and evidence, and

received and reviewed approximately forty-seven written responses or objections to the proposed settlement. Objectors who filed a notice of intent to appear at the hearing were given the opportunity to address the Court at the fairness hearing.

Having considered the memorandum in support of the motion, the oral arguments and testimony presented during the Fairness Hearing, the objections to the proposed Settlement, and the complete record and files in this matter,

**It is hereby ADJUDGED, ORDERED, AND DECREED**:

A.   JURISDICTION

The Court has personal jurisdiction over all Parties in the action, including but not limited to all Class Members, and has subject matter jurisdiction over the case, including without limitation jurisdiction to approve the Agreement, grant final certification of the Class, to settle and release all claims released in the Agreement, and to dismiss the case with prejudice and enter final judgment.

B.   THE SETTLEMENT CLASS

Based on the record before the Court, including all submissions in support of the Settlement set forth in the Agreement, objections and responses thereto and all prior proceedings in the suit, as well as the Agreement itself and its related documents and exhibits, the Court hereby certifies the following Class (the "Class"): all children who are involuntarily placed in DSS foster care in the physical or legal custody of DSS either now or in the future.

The Court also finds that the Class meets all the applicable requirements of Rule 23(a) and (b)(2). Specifically, the Court so finds on the bases set forth in the Order Regarding: Motion for Preliminary Approval of Class Settlement [Dkt. No 35] and as set forth below:

i. Numerosity. The Class, which is ascertainable, currently consists of approximately 3,900 children in DSS custody and clearly satisfies the numerosity requirement of Rule 23(a)(1). Joinder of these widely dispersed, numerous Class Members into one suit would be impracticable and is unnecessary for the claims.

ii. Commonality. There are multiple questions of law and fact common to the Class with regard to the alleged activities DSS and claims in this case. These issues are more than sufficient to establish commonality under Rule 23(a)(2).

iii. Typicality. The claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement.

iv. Adequate Representation. Plaintiffs' interests do not conflict with those of absent members of the Class, and Plaintiffs' interests are co-extensive with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel including attorneys employed by the South Carolina Appleseed Legal Justice Center, a non-profit legal organization, who have substantial expertise and experience in state and federal civil rights litigation on behalf of underserved populations in South Carolina; attorney Matthew T. Richardson, a partner at the Wyche P.A. law firm in South Carolina, who has significant experience in complex litigation in state and federal court in South Carolina; and attorneys employed by Children's Rights, Inc., a non-profit legal advocacy organization, who have substantial experience and expertise in federal child welfare class actions nationally. Thus, the Court finds that the requirement of adequate representation of the Class under Rule 23(a)(4) has been fully met.

    v. Defendants have been alleged to have acted or refused to act on grounds that apply to whole class, so injunctive relief is appropriate to whole class. Thus, the requirements of Rule 23(b)(2) are met.

The designated Class Representatives are as follows: M.H., A.R., Z.L., S.V., A.R., M.B., A.B., C.B., S.B., R.B., and K.S as identified and described in the Complaint. The Court affirms the appointment of Plaintiffs' counsel as class counsel. In making these findings, the Court has exercised its discretion in certifying the Class.

### C. NOTICE TO CLASS MEMBERS

The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. [Dkt. No. 37 and 41] The Court finds that the Class Notice: (i) is reasonable and the best practicable notice to Class Members under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the case and the terms of the Agreement, and their right to appear at the Fairness Hearing, (iii) constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; and (iv) fully satisfied the requirements of the Constitution of the United States, including the Due Process Clause, Rule 23 of the Federal Rules of Civil Procedure, and other applicable law.

### D. FINAL APPROVAL OF SETTLEMENT AGREEMENT

The Court finds that the Agreement resulted from extensive arm's length, good faith negotiations between the Parties through experienced counsel, with the assistance and oversight of Court-Appointed Settlement Mediator, Senior U.S. District Judge P. Michael Duffy.

Pursuant to Rule 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Agreement and finds that the Settlement is, in all respects, (i) fair, reasonable, and

adequate; (ii) is in the best interest of the Class; and (iii) is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and any other applicable law. The Court hereby declares that the Agreement is binding on all Class Members.

The Court finds that the Settlement is fair, reasonable and adequate based on the following factors, among other things: (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel. Before the Court referred this case for mediation, Defendants filed extensive motions to dismiss the action. (Dkt. Nos. 16, 17) The case raised questions of federal Constitutional and statutory law regarding the provision of child welfare services. Defendants have denied liability under any of the legal allegations asserted by Plaintiffs. [Dkt. No. 32-1 § I. F] Plaintiffs' alleged civil rights violations would have been heavily and expensively litigated if the Parties had not entered instead into mediation and ultimately this Settlement.

The Court finds that in addition to extensive investigation of the South Carolina foster care system conducted by Plaintiffs' counsel, Defendants provided informal discovery that was sent to the Plaintiffs in multiple productions and totaled hundreds of documents during the settlement negotiations in all areas covered by the settlement, including workloads, worker-child visitation, investigations, placement resources, congregate care placements and emergency or temporary placements, placement instability, sibling placement, therapeutic foster care placements, family visitation, and health care services. Additionally, Plaintiffs' investigation and the informal discovery were augmented by the active input from the Co-Monitors as nationally

recognized child welfare experts. This information enabled counsel and the Mediator to fairly evaluate the Parties' positions during negotiations.

The Court finds that there was no collusiveness in the negotiations of this Agreement. Instead, the context and evidence of the negotiations confirm robust, arms' length circumstances that led to the significant benefits obtained for the Class through compromise. In fact, this action was the subject of more than a year of intense, and at times contentious, settlement negotiations under the active supervision of Senior District Judge Michael P. Duffy serving as Mediator. The negotiations also benefitted from the participation of the Co-Monitors. The Court is satisfied that the Settlement was fairly and honestly negotiated, as it was the result of vigorous arm's-length negotiations undertaken in good faith by counsel with significant experience litigating complex federal court disputes and civil rights actions, including class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

The Court has considered all objections, timely and proper or otherwise, to the Settlement and denies and overrules them as without merit for purposes of the Joint Motion, final approval of the Settlement and the Class, and entering this relief for the Parties. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement.

## CONCLUSION

DISMISSAL OF CLAIMS, INJUNCTION, AND CONTINUING JURISDICTION

This action should be and is hereby dismissed with prejudice. Each Plaintiff Class Member shall be, and is hereby, deemed conclusively to have released the federal statutory and constitutional claims of the Named Plaintiffs and the Class for injunctive and declaratory relief in

the Complaint. Notwithstanding the dismissal of this action, as per the Settlement Agreement, the Court retains continuing jurisdiction to ensure compliance with the terms of the Settlement Agreement until a motion to terminate jurisdiction over the Settlement Agreement is approved by the Court based on achieving Maintenance of Effort status and sustaining substantial compliance for one year on all remaining provisions of the Implementation Plan (as defined in the Settlement Agreement §§ I. B, V. F. 4). [Dkt. No. 32-1]

**AND IT IS SO ORDERED** this ____ day of October, 2016.

_____
THE HONORABLE RICHARD M. GERGEL
U.S. DISTRICT JUDGE