IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **MICHELLE H.**, by her next friend Tamara Coppinger, **AVA R.**, by her next friend Tamara Coppinger, **ZAHARA L.**, by her next friend Deborah Wilson, **SAMMY V.**, by his next friend Aleksandra Chauhan, **ANDREW R.**, by his next friend Cheryl Kreider, **MARCUS, ANNIE, CAMERON, SARA, and ROGER B.**, by their next friend Margaret Wilson, and **KYLE S.**, by his next friend Tamara Coppinger, **Individually, and on behalf of all other similarly situated children,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **HENRY DARGAN MCMASTER**, in his official capacity as Governor of South Carolina, and <br><br> **MICHAEL LEACH**, in his official capacity as State Director of the South Carolina Department of Social Services. <br><br> **Defendants.** | C/A No. 2:15-cv-00134-RMG |

## JOINT MOTION SEEKING COURT APPROVAL FOR MAINTENANCE OF EFFORT STATUS

The Defendant, South Carolina Department of Social Services ("DSS"), with the consent of the Plaintiffs, by and through their undersigned attorneys, hereby respectfully move and request from this Honorable Court an Order designating certain provisions from the Final Settlement Agreement ("FSA") (ECF No. 32-1) as achieving "Maintenance of Effort" status. For the reasons set forth below, the parties respectfully request the Court grant this Motion.

As set forth in the most recent monitoring report and as demonstrated throughout the course of this litigation, DSS has made progress in its compliance with the Final Settlement Agreement (FSA) and the Court's Orders since the commencement of this lawsuit in 2015. While there has been progress, DSS has also faced—and overcome—many challenges, including the budgetary issues that accompanied the COVID-19 pandemic. See ECF No. 220 ("In March 2020, the nation began to experience the full impact of the COVID-19 pandemic, which disrupted the normal operations of life in South Carolina, including the routine operations of the SCDSS foster care program and the public schools of South Carolina which most foster children attended. The pandemic also created substantial uncertainty in the budgetary status of the State of South Carolina."). Despite these challenges, the Defendant has instituted numerous reform initiatives to improve foster care in South Carolina, and these efforts have been documented in submissions to the Court prior to periodic status conferences with The Honorable Richard M. Gergel. While DSS acknowledges there is considerable work left to do, it has made sufficient improvement in several areas such that Maintenance of Effort status is appropriate. Therefore, pursuant to Section V.E.4 of the FSA, DSS and Plaintiffs jointly request the Court designate Sections IV.C.4(d), (e), and (f), "Timely Initiation and Completion," and IV.C.2, "Intake – No Investigation," for Maintenance of Effort status.

The basis for this motion is that DSS has continued to meet the required level of performance in its timeliness and intake of OHAN investigations over the most recent monitoring periods. See FSA § V.E.1. This progress is reflected in the last Monitoring Report submitted to the Court. See ECF No. 273-1 at 54, 62-64. Pursuant to Section V.E.4 of the FSA, the parties met

and conferred in good faith on July 5, 2023 and agreed to jointly request this Court designate Sections IV.C.4(d), (e), and (f) and IV.C.2 for Maintenance and Effort Status

Since 2018, DSS has met the requirements of Section IV.C.4(d) of the FSA, which requires that at least 60% of OHAN investigations shall be completed within forty-five (45) days of initiation. FSA § IV.C.4.(d). In the last monitoring report, the Co-Monitors determined that 95% of the OHAN investigations assessed were timely completed within forty-five (45) days. The Agreement further requires that at least 80% of OHAN investigations shall be completed within sixty (60) days of initiation. FSA § IV.C.4(e). In the last monitoring report, the Co-Monitors determined that 100% of the OHAN investigations assessed were timely completed within 60 days. Finally, the FSA requires that at least 95% of OHAN investigations shall be completed within ninety (90) days of initiation. FSA § IV.C.4(f). In the last monitoring report, the Co-Monitors noted that because 100% of all OHAN investigations were closed within 60 days, DSS was also meeting this standard. Again, DSS has been meeting all three of the above targets since September 2018, and the Co-Monitors designated subsections (d), (e), and (f) as eligible for Maintenance of Effort status in the most recent Monitoring Report. ECF No. 273-1 at 64.

Additionally, DSS has achieved the target of Section IV.C.2 of the FSA, which requires that at least 95% of decisions not to investigate a referral of abuse or neglect about a class member must be made in accordance with South Carolina law and DSS policy. FSA § IV.C. In the last Monitoring Report, the Co-Monitors determined that 96% of the decisions not to investigate were appropriate. ECF No. 273-1 at 54. Additionally, the Co-Monitors noted that DSS's performance was above the 95% target for the second consecutive monitoring period. *Id.*

Finally, pursuant to Section V.E.2 of the FSA, a designation of Maintenance of Effort means that the Co-Monitors "shall reduce the level of monitoring over that item to a level sufficient to identify any significant deterioration or performance and not continue at the level of monitoring prior to a designation of 'Maintenance of Effort'." Accordingly, the parties would request that they be allowed to confer with the Co-Monitors in an attempt to reach agreement on the reduced level of monitoring for these particular areas. If an agreement cannot be reached within sixty (60) days, the parties would alert the Court and seek guidance to resolve any areas of disagreement.

For the reasons set forth above, the DSS and the Plaintiffs jointly move and request that the Court enter an Order designating Sections IV.C.2 and IV.C.4(d), (e), and (f) of the FSA as Maintenance of Effort Status.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, LLC

BY: s/J. Michael Montgomery
Monteith P. Todd
ID No. 3125
mtodd@robinsongray.com
Rebecca Laffitte
ID No. 1036
rlaffitte@robinsongray.com
J. Michael Montgomery
ID No. 10290
mmontgomery@robinsongray.com
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Attorneys for Defendant, Michael Leach, in his official capacity as State Director of the South Carolina Department of Social Services

Columbia, South Carolina

July 28, 2023

s/Matthew T. Richardson
Matthew T. Richardson, (ID No. 7791)
WYCHE P.A.
801 Gervais Street, Suite B
Columbia, SC 29201
Telephone: (803) 254-6542
Facsimile: (803) 254-6544
mrichardson@wyche.com

Susan B. Berkowitz (ID No. 1305)
Adam Protheroe (ID No. 11033)
SOUTH CAROLINA APPLESEED LEGAL JUSTICE CENTER
P.O. Box 7187
Columbia, S.C. 29202
Telephone: (803) 779-1113
Facsimile: (803) 779-5951
sberk@scjustice.org
adam@scjustice.org

Ira Lustbader (*Admitted Pro Hac Vice*)
CHILDREN'S RIGHTS
88 Pine Street Suite 800
New York, New York 10005
Telephone: 212-683-2210
Facsimile: 212-683-4015
ilustbarder@childrensrights.org

Attorneys for Plaintiffs

July 28, 2023

5